ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP
Matthew L. Venezia (State Bar No. 313812)
　mvenezia@bgrfirm.com
George B. A. Laiolo (State Bar No. 329850)
　glaiolo@egcfirm.com
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone:　(310) 274-7100
Facsimile:　(310) 275-5697

Attorneys for Plaintiff
Leonard Lawson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD LAWSON,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DOORDASH, INC.,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT;**<br><br>**(2) VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW;**<br><br>**(3) VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW; AND**<br><br>**(4) BREACH OF CONTRACT** |

2075326.1

COMPLAINT

Plaintiff Leonard Lawson ("Plaintiff") brings this Complaint individually, and on behalf of all persons similarly situated, against Defendant DoorDash, Inc. ("DoorDash"), and alleges as follows:

**INTRODUCTION**

1. DoorDash has risen to prominence as the market leader for restaurant delivery services. Today, customers can order food for delivery (in addition to various other items) from hundreds of thousands of participating restaurants and stores—referred to by DoorDash as "merchants."

2. More than 25 million people have signed up for DoorDash's services, and in 2021, DoorDash reported earning in excess of $4.8 billion in revenue, on a gross order volume nearing $50 billion. DoorDash has obtained significant private equity investment, and in the latest round of financing, achieved a valuation of $16 billion.

3. This growth was largely fueled by the promise of free delivery. Consumers, now more than ever, choose to have meals and other items delivered by DoorDash, because DoorDash purports to provide the service for free. In other words, why drive to a restaurant to pick up dinner when DoorDash represents that it will bring your food to you at no charge?

4. This sales pitch has caused consumers to flock to the DoorDash platform, and upon information and belief, DoorDash chose to emphasize the claim that it does not charge delivery fees because it understood that consumers abhor delivery fees, and in many cases will walk away from a purchase before agreeing to pay for delivery.

5. However, DoorDash's promise of free delivery was a lie. While DoorDash regularly advertises that it charges a "$0 delivery fee," and DoorDash's order confirmation page confirms a $0.00 delivery fee, delivery fees are in fact hidden in the purchase price for individual items ordered on DoorDash.[1]

6. Products on DoorDash are routinely marked up from the prices charged by

---

[1] Even where DoorDash admits delivery fees are being charged on the order confirmation page, additional delivery fees are still hidden from the customers, in the same manner explained below.

2075326.1

-1-

COMPLAINT

1  merchants to customers who walk into the physical locations. As an example, a customer walking
2  into the California Pizza Kitchen on Santa Monica Boulevard in Los Angeles, California would be
3  charged $17.99 for their pepperoni pizza, whereas a customer ordering the exact same pizza for
4  delivery on DoorDash would be charged $20.70, before any delivery fee, or the disclosed fees and
5  estimated tax. DoorDash never conspicuously discloses this practice.



25      7.     Similarly, for many merchants, DoorDash charges customers that select the
26  delivery option more for the same products than customers who select the pickup option. For
27  example, a customer that orders a fish taco from Tacos Super Gallito on Santa Monica Boulevard
28  in Los Angeles, California would be charged $3.89 for the taco, before any delivery fee, or the

1  disclosed fees and estimated tax, whereas a customer choosing to pick up his order would be
2  charged $3.17 for the exact same taco. DoorDash never discloses this practice.



22      8.      Through these practices, upon information and belief, DoorDash has concealed
23  billions of dollars in delivery fees from customers, and induced millions of customers to sign up
24  for and place orders through the DoorDash platform, that otherwise would not have done so.
25      9.      These unlawful advertising practices have brought scrutiny from local
26  governments, e.g., The City of Chicago filed claims against DoorDash based upon DoorDash's
27  deception concerning the true costs of its delivery service. Those claims have already proceeded
28  past a motion to dismiss.

# PARTIES

10. Plaintiff Leonard Lawson is an individual residing in Kansas City, Missouri.

11. Plaintiff is informed and believes, and thereon alleges, that defendant DoorDash is a Delaware corporation with its principal place of business in San Francisco, California.

# JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because the amount in controversy well exceeds $5 million and Plaintiff represents a putative nationwide class that, upon information and belief, includes well in excess of 100 members and members from each of the other 49 states besides California.

13. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because DoorDash is headquartered in this district and, upon information and belief, established the false advertising practices at issue in this case, and directs those practices nationwide, from within the district. Thus, a substantial part of the events or omissions that gave rise to the claims asserted herein occurred within this district. DoorDash also targets customers with its false advertising and makes substantial sales within the district.

14. This Court has personal jurisdiction over DoorDash because DoorDash maintains its principal place of business in California. This Court also has personal jurisdiction over DoorDash because DoorDash regularly markets and sells its services, including the services at issue in this case, to customers in California, and specifically in this district.

# GENERAL ALLEGATIONS

**A.  DoorDash becomes market leader providing restaurant delivery services.**

15. Founded in 2013, DoorDash operates an online food ordering and delivery service, which has in recent years been expanded to offer delivery from additional types of stores other than restaurants, like grocery and convenience stores.

16. Hundreds of thousands of merchants have signed up for DoorDash, and using the DoorDash platform, customers can place orders at those merchants, with DoorDash then coordinating delivery of the orders. These orders can be placed on DoorDash's website, or through DoorDash's app.

17. In exchange for this service, DoorDash discloses that customers are charged a service fee, and in certain instances, a delivery fee. However, as discussed in more detail below, the delivery fees advertised by DoorDash and quoted to the customer in the order confirmation page deliberately conceal the true cost of delivery when using DoorDash.

18. DoorDash has grown to be the market leader in the food delivery space—its market share estimated by McKenzie & Company to have reached 53% of the United States market in 2021 (followed by Uber Eats at 26%, GrubHub at 12%, and Postmates at 5%).

19. As noted above, DoorDash reports that more than 25 million customers have signed up for its service. This growth is also reflected in DoorDash's revenues, which reached in excess of $4.8 billion for just 2021. Upon information and belief, the total gross order volume on DoorDash for the same year neared $50 billion.

**B.  To achieve this success, DoorDash hides the true delivery costs from its customers, touting free delivery.**

20. DoorDash's website and app prominently advertise a low delivery fee in an attempt to convince customers to place delivery orders on their platform. An example is provided below.











21. On many orders, DoorDash represents that there is a "$0 delivery fee." This

1  representation is made to customers when selecting a restaurant, e.g., representations that a
2  restaurant offers a "$0 delivery fee" or "$0 delivery fee over $[certain amount of money]." This
3  representation is repeated on the order confirmation page, where DoorDash discloses the
4  "Delivery Fee" prior to a customer submitting their order.

5      22.     DoorDash's promise of free delivery is simply not true. DoorDash conceals the true
6  delivery fees in several material ways.

7      23.     In the background—undisclosed to customers—DoorDash charges its merchants a
8  commission of 15%–30% of the total purchase price for each order. DoorDash represented in an
9  announcement for its participating merchants that this commission is used to cover several
10 operating costs associated with providing its delivery services, e.g., dasher pay, background
11 checks, customer service, insurance, and operation of the DoorDash app and website.

12     24.     This 15%–30% commission is not in fact generally borne by the restaurants, but is
13 instead passed along to DoorDash's customers in the form of an upcharge imposed by DoorDash
14 for items ordered through its app or website.

15     25.     That is, DoorDash imposes an undisclosed upcharge for items ordered through its
16 platform such that prices for the exact same items are higher on DoorDash than if a customer
17 walked into a restaurant or store. As explained above using the California Pizza Kitchen example,
18 the same pepperoni pizza costs more on DoorDash than when purchased directly through the
19 restaurant. This practice is widely employed by DoorDash throughout its hundreds of thousands of
20 restaurant and store partners. It is thus false and misleading to suggest products purchased on
21 DoorDash have no (or a certain disclosed) delivery fee—customers pay higher prices for the items
22 delivered than they would if they went into the restaurant or store.

23     26.     Upon information and belief, the viability of DoorDash's platform relies on
24 DoorDash's passing along of the true costs of delivery to its customers. In other words, merchants
25 could not afford to participate in DoorDash's platform if they were required to shoulder the burden
26 of DoorDash's 15%–30% commission themselves.

27     27.     There is of course another option as to how DoorDash could structure its business.
28 If DoorDash intends to pass along the true costs of delivery to its customers, as it does, DoorDash

1 could not charge its merchants a commission, but instead charge customers the same 15%–30% as
2 a *disclosed* delivery fee. This would inform DoorDash's customers as to the true cost of delivery
3 when placing an order through DoorDash, and allow DoorDash customers to make an educated
4 decision as to whether they should order through DoorDash. Upon information and belief,
5 DoorDash has not structured its business in this way because DoorDash knows that if it disclosed
6 the true costs of delivery to its customers, DoorDash would sign up significantly less users and
7 make significantly less sales through its app and website.

28. To the extent DoorDash argues these upcharges are adequately disclosed in its terms of service, the argument must fail. As a threshold issue, DoorDash customers do not agree to DoorDash's Terms of Service when signing up for DoorDash, because DoorDash does not conspicuously place the link to its Terms of Service where customers are likely to see it. The link to DoorDash's terms of service appears at the bottom of its website, underneath the "Sign Up" button, and a customer can sign up for DoorDash's service and place orders without ever seeing a link to DoorDash's Terms of Service.

29. Even if a customer were to locate and review DoorDash's Terms of Service, the purported disclosure is inconspicuously located within Section 11(a), not emphasized in any way, and confusingly worded as follows:

> [T]he prices for menu or other items displayed through the Services may differ from the prices offered or published by Merchants for the same menu or other items and/or from prices available at third-party websites and that such prices may not be the lowest prices at which the menu or other items are sold[.]

30. It is not simply the case that prices "may differ." DoorDash employs a consistent practice of increasing the price of items purchased through its platform vis-à-vis prices available directly through the merchants. DoorDash does not, for instance, regularly lower prices, and even this purported disclosure is confusingly worded to avoid admitting DoorDash's consistent practice of imposing upcharges on its customers.

31. Moreover, for certain restaurants and stores, DoorDash charges customers that select the delivery option a higher price for their items than customers that select the pickup option. As illustrated using the Tacos Super Gallito example above, DoorDash charges a higher

price for the exact same fish taco when a customer selects the delivery option, and does not disclose that upcharge as part of the delivery fee.

33. DoorDash does not disclose this practice anywhere—customers, relying on DoorDash's calculation of the delivery fee to be accurate have no reason to "comparison shop" by clicking on the pickup button to discover the hidden upcharge.

33. While DoorDash regularly advertises and induces customers to use its platform by offering free delivery, DoorDash's practice of concealing the true delivery fees is no less confusing when considering orders that have a disclosed delivery fee. For example, if a customer agrees to pay a $3.99 delivery fee, but DoorDash imposes an undisclosed upcharge on the individual items, that is not included within the quoted delivery fee, the customer still pays more for delivery than they bargained for.

34. DoorDash's practice of disclosing the "Delivery Fee" and "Fees & Estimated Tax" in its order confirmation page renders the above practices even more misleading. Upon information and belief, DoorDash customers believe that any costs associated with using the DoorDash platform and delivery would be disclosed within these itemized categories, and they are in fact not.

35. Using these tactics, DoorDash has deceived many millions of DoorDash customers into paying more in delivery fees than they agreed to or believed they were paying. Had these customers known the true delivery fees, a significant percentage of the customers would have simply not ordered delivery.

C. **Believing he would receive free delivery, Plaintiff signs up for a DoorDash account and orders meals for delivery from DoorDash.**

36. Plaintiff was attracted to the DoorDash platform by its promise of free delivery, and signed up for an account in April of 2022.

37. Plaintiff signed up for an account using his laptop, and at no time during the sign up process did Plaintiff see any link to DoorDash's Terms of Service, nor any language suggesting that by signing up for DoorDash, Plaintiff was agreeing to any particular Terms of Service.

38. Plaintiff made two separate delivery orders through DoorDash, and was motivated

1 to place each delivery order, as opposed to ordering directly from the restaurants, because
2 DoorDash represented that Plaintiff would be charged a "$0 delivery fee".

3    39.    However, the representation that Plaintiff would be charged a "$0 delivery fee" was
4 false and misleading.

5    40.    On April 12, 2022, Plaintiff placed a delivery order from Ma & Pa's Kettle in
6 Kansas City, Missouri. Plaintiff ordered a roast beef dinner and a soda, and DoorDash represented
7 to Plaintiff that the order included no delivery fee. Plaintiff was charged $9.29 for the roast beef
8 dinner, as pictured below.

**Order Details**

| 1× Soda<br>Large, Mugs Root Beer | $2.69 |
|---|---|
| 1× Roast Beef<br>Mashed Potatoes & Gravy, Applesauce | $9.29 |

| Subtotal | $11.98 |
|---|---|
| Delivery Fee | ~~$0.99~~ $0.00 |
| Service Fee ⓘ | $3.00 |
| Tax ⓘ | $0.92 |
| Dasher Tip | $4.50 |
| **Total** | **$20.40** |

21    41.    However, had Plaintiff made the same order for takeout, upon information and
22 belief, Plaintiff would have been charged $8.59 for the exact same roast beef dinner.

23    42.    On May 4, 2022, Plaintiff placed an order from Wingstop. Plaintiff ordered the 15-
24 piece meal for two, and DoorDash represented to Plaintiff that the order included no delivery fee.
25 The price for the food was represented to be $28.79, as pictured below.



43.     DoorDash imposed an undisclosed upcharge on these items, which would have costed $24.99 had Plaintiff ordered directly from Wingstop and picked the items up.



1  44. But for DoorDash's misrepresentation that delivery was free, Plaintiff would not have placed the above-described delivery orders through DoorDash.

### D. **Plaintiff opts out of the DoorDash's Arbitration Agreement.**

45. Plaintiff did not agree to DoorDash's Terms of Service at any time. Nonetheless, to avoid any argument that this dispute should be arbitrated, pursuant to Section 12(h) of DoorDash's Terms of Service, within 30 days of Plaintiff's original sign up for DoorDash, Plaintiff opted out of DoorDash's Arbitration Agreement. Plaintiff complied with all requirements of that Section in order to validly opt out of DoorDash's Arbitration Agreement.

## CLASS ACTION ALLEGATIONS

46. Plaintiff brings this action on behalf of himself and a putative class of DoorDash customers who are similarly situated under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure (the "Customer Class").

47. The Customer Class seeks damages, restitution, and injunctive relief, and is defined as follows:

- All persons or entities in the United States that have placed a delivery order through DoorDash and been charged a higher price for the purchased items than they would have been charged if the customer purchased the items directly from the merchant, or through DoorDash's pickup option. This class is limited to those persons or entities that have opted out of DoorDash's Arbitration Agreement.

48. Upon information and belief, given that DoorDash's revenue is in the billions of dollars per year, and given that DoorDash reports having in excess of 25 million users, the Customer Class consists of well in excess of 100 DoorDash users located throughout the United States. The exact number and identities of the members of the Customer Class is known or readily ascertainable by DoorDash, and the number of persons who fall within the definition of the Customer Class is so numerous and geographically dispersed as to make joinder of all members of the Customer Class in their individual capacity impracticable, inefficient, and unmanageable so as to effectively deny each putative member of the Customer Class his, her, or their right to obtain relief based on the claims and allegations made in this Complaint.

49. There are common questions of law and fact as to the Customer Class, relating to and/or dispositive of the allegations of unlawful and misleading conduct made in the Complaint,

and relating to and/or dispositive of the common pattern of alleged injury and harm caused by that unlawful and misleading conduct and sustained by the putative members of the Customer Class, including, but not limited to:

- Whether DoorDash's practice of charging higher prices for the delivery of items than those offered directly by the merchant, or through DoorDash's pickup option, and not including that upcharge in its quoted delivery fee constitutes false or misleading advertising.

- To the extent DoorDash's Terms of Use can be enforced by DoorDash, whether the purported disclosure related to DoorDash's upcharge from the merchants' pricing is sufficient to remedy the false and misleading nature of DoorDash's advertising.

- Whether members of the Customer Class's damages may be calculated by measuring the amount of the undisclosed upcharge from the prices available directly from the merchants, or through DoorDash's pickup option.

50. The interests of Plaintiff and the Customer Class are aligned. Plaintiff seeks to establish that DoorDash is required to refund undisclosed amounts paid by customers for its delivery services. Should Plaintiff prevail in establishing the same, each of the other members of the Customer Class would then be entitled to similar refunds for the damage caused to them by DoorDash's practice of concealing the true delivery costs.

51. The claims of Plaintiff are typical of the claims of the Customer Class. Plaintiff placed delivery orders for items that were sold at a higher price than if Plaintiff ordered directly from the merchants, and Plaintiff was deceived into believing he was receiving free delivery.

52. The Customer Class is represented by counsel who are competent and experienced in the prosecution and defense of similar claims and litigation, including class actions filed, prosecuted, defended, or litigated under California and federal law, in federal courts, in connection with claims and certification of consumer classes composed of members who reside in California and/or the United States. Counsel has prosecuted and defended many significant cases brought pursuant to California's CLRA, FAL, and UCL.

53. The prosecution of separate actions by individual members of the Customer Class would create a risk of inconsistent or varying adjudications.

54. The questions of law and fact common to the members of the Customer Class predominate over any questions of law or fact affecting only individual members of the Customer

Class. The primary claim to be proved in this case is whether DoorDash's concealment of the true costs of delivery account to actionable false advertising, and DoorDash's practices are consistently applied to each individual member of the Customer Class. Moreover, questions as to the appropriate method to determine damages can be adjudicated class-wide. These issues predominate over any individual issues, of which there appear to be none.

55. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Prosecution as a class action will eliminate the need for repetitious litigation—if it were even feasible for members of the Customer Class to proceed individually.

56. The amount of potential damages for each member of the Customer Class is small enough that no legal recourse can realistically be obtained by members of the Customer Class without proceeding as a class action. Thus, members of the Customer Class have no cognizable interest in individually litigating and controlling the claims asserted herein.

57. Plaintiff is aware of one similar case filed against DoorDash with a putative class that may overlap with the Customer Class—*Schwartz v. DoorDash, Inc.*, Case No. 4:22-cv-00250-YGR in the Northern District of California. However, Plaintiff understands that the named plaintiffs in *Schwartz* did not opt out of DoorDash's Terms of Service, and there is a motion pending seeking to compel arbitration of the claims in *Schwartz* on an individual basis.

58. California is a proper and desirable forum for the claims against DoorDash to be litigated. DoorDash is based in California, and California's CLRA, FAL, and UCL provide remedies to each member of the Customer Class. As to those members of the Customer Class residing outside California, California's CLRA, FAL, and UCL provide remedies consistent with that which are available in the members' home states.

59. The Customer Class is readily definable by review of sales records and opt out records that should exist in the files of DoorDash. Moreover, DoorDash should have records of the e-mail addresses and addresses of customers that have purchased items through DoorDash such

that providing notice to the Customer Class will be practicable. Thus, there does not exist any significant likely difficulties in managing the claims as a class action.

## FIRST CAUSE OF ACTION

**(Violation of California's Consumer Legal Remedies Act [Cal. Civ. Code § 1750 et seq.])**

60. Plaintiff re-alleges and incorporates herein by reference, as though set forth in full, each of the allegations set forth in paragraphs 1 through 59 above.

61. DoorDash has committed unlawful acts as defined by California Civil Code § 1770, by engaging in the false and misleading advertising described above, wherein DoorDash hides the true cost of delivery associated with placing delivery orders on its platform.

62. Plaintiff and the members of the Customer Class relied on DoorDash's representation as to the amount of delivery fees when deciding to place their delivery orders through DoorDash.

63. Plaintiff and each member of the Customer Class suffered an injury as a direct and proximate result of DoorDash's practice of concealing the true delivery costs associated with ordering through its platform; i.e., being charged delivery fees that they did not agree to be charged.

64. Unless enjoined, DoorDash will continue to engage in false and misleading advertising by concealing the true delivery costs associated with placing an order for delivery on its platform.

65. Upon information and belief, the above-described operations of DoorDash occur in California, where it is headquartered. When any customer purchases an item using DoorDash, they access a website or app published from California and send money into California in exchange for the item. Moreover, upon information and belief, a significant percentage of DoorDash's sales and deliveries occur within California.

66. Plaintiff and the members of the Customer Class are without an adequate remedy at law. DoorDash's false and misleading advertising is ongoing and will continue absent injunctive relief, causing continued economic and intangible harms to customers.

67. Moreover, while Plaintiff and the Customer Class may later be able to seek

1  compensatory damages pursuant to their CLRA claim, they cannot now, and do not now, pending

2  expiration of the 30-day notice period triggered by their Cal. Civ. Code § 1782(a) notice.

## SECOND CAUSE OF ACTION

**(Violation of California's False Advertising Law [Cal. Bus. & Prof. Code § 17500 et seq.)**

68. Plaintiff re-alleges and incorporates herein by reference, as though set forth in full, each of the allegations set forth in paragraphs 1 through 67 above.

69. DoorDash has engaged in false and misleading advertising, by engaging in the practices described above, wherein DoorDash hides the true cost of delivery associated with placing delivery orders on its platform.

70. Plaintiff and the members of the Customer Class relied on DoorDash's representation as to the amount of delivery fees when deciding to place their delivery orders through DoorDash.

71. Plaintiff and each member of the Customer Class suffered an injury as a direct and proximate result of DoorDash's practice of concealing the true delivery costs associated with ordering through its platform; i.e., being charged delivery fees that they did not agree to be charged.

72. Unless enjoined, DoorDash will continue to engage in false and misleading advertising by concealing the true delivery costs associated with placing an order for delivery on its platform.

73. Upon information and belief, the above-described operations of DoorDash occur in California, where it is headquartered. When any customer purchases an item using DoorDash, they access a website or app published from California and send money into California in exchange for the item. Moreover, upon information and belief, a significant percentage of DoorDash's sales and deliveries occur within California.

74. Plaintiff and the members of the Customer Class are without an adequate remedy at law. DoorDash's false and misleading advertising is ongoing and will continue absent injunctive relief, causing continued economic and intangible harms to customers.

## THIRD CAUSE OF ACTION

**(Violation of California's Unfair Competition Law [Cal. Bus. & Prof. Code § 17200 et seq.])**

75. Plaintiff re-alleges and incorporates herein by reference, as though set forth in full, each of the allegations set forth in paragraphs 1 through 74 above.

76. DoorDash has committed acts of unfair competition, as defined by California Business and Professions Code § 17200, by engaging in the unlawful practices described above. Without limitation, DoorDash violates the CLRA's prohibition against misleading advertising and California's FAL by concealing the true cost of delivery associated with placing a delivery order through the DoorDash platform. DoorDash's false advertising also violates the laws of each state where members of the Customer Class reside.

77. While California's unfair competition law does not so require, DoorDash's practices are in fact anticompetitive in the classic sense. DoorDash unfairly competes for sales with other delivery services and brick and mortar business.

78. Plaintiff and the members of the Customer Class relied on DoorDash's representation as to the amount of delivery fees when deciding to place their delivery orders through DoorDash.

79. Plaintiff and each member of the Customer Class suffered an injury as a direct and proximate result of DoorDash's practice of concealing the true delivery costs associated with ordering through its platform; i.e., being charged delivery fees that they did not agree to be charged.

80. Upon information and belief, the above-described operations of DoorDash occur in California, where it is headquartered. When any customer purchases an item using DoorDash, they access a website or app published from California and send money into California in exchange for the item. Moreover, upon information and belief, a significant percentage of DoorDash's sales and deliveries occur within California.

81. Plaintiff and the members of the Customer Class are without an adequate remedy at law. DoorDash's false and misleading advertising is ongoing and will continue absent injunctive relief, causing continued economic and intangible harms to customers.

## FOURTH CAUSE OF ACTION

### (Breach of Contract)

82. Plaintiff re-alleges and incorporates herein by reference, as though set forth in full, each of the allegations set forth in paragraphs 1 through 81 above.

83. Plaintiff and each member of the Customer Class entered into contracts with DoorDash when placing orders.

84. A material term of each contract was the amount of the delivery fee, as disclosed by DoorDash in its order confirmation pages.

85. This disclosure was however false and misleading in each instance, because additional delivery fees were hidden in the prices of the individual items, as described above.

86. This imposition of an undisclosed delivery fee is a breach of each purchase contract DoorDash enters into with its customers.

87. Plaintiff and each member of the Customer Class suffered damages in the form of the hidden delivery fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the putative Customer Class pray for relief against DoorDash as follows:

1. For preliminary and permanent injunctions enjoining and restraining DoorDash, its agents, employees, representatives, partners, joint venturers, and/or anyone acting on behalf of, or in concert with DoorDash, from engaging in the above-described false and misleading advertising;

2. For damages or equitable restitution consisting of the hidden delivery fees imposed upon Plaintiff and the Customer Class, in an amount to be determined by evidence, but in excess of $5 million;

3. For pre-judgment interest on all damages awarded by this Court;

4. For reasonable attorneys' fees and costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| 1 | DATED: July 11, 2022 | ELLIS GEORGE CIPOLLONE O'BRIEN ANNAGUEY LLP |
| 2 | | Matthew L. Venezia |
| 3 | | George B. A. Laiolo |
| 4 | | By: */s/ Matthew L. Venezia* |
| 5 | | Matthew L. Venezia<br>Attorneys for Plaintiff Leonard Lawson |

2075326.1

-18-
COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: July 11, 2022

ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP
   Matthew L. Venezia

By: _____*/s/ Matthew L. Venezia*_____
   Matthew L. Venezia
   George B. A. Laiolo
Attorneys for Plaintiff Leonard Lawson